*Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1369 (9th Cir.1987). We affirm.

The district court did not abuse its discretion by denying Morrison leave to proceed in forma pauperis because Morrison failed to allege sufficient facts to state a plausible claim for relief. *See id.* at 1370 ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *United States v. Hall,* 559 F.2d 1160, 1163 (9th Cir.1977) (U.S. Attorney has broad discretion in determining which cases to prosecute).

**AFFIRMED.**

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

MEMORANDUM **

Harold Brian Krieg appeals pro se from the district court's order dismissing for failure to effect timely service his action challenging an unfavorable Nevada state court judgment. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Oyama v. Sheehan (In re Sheehan),* 253 F.3d 507, 511 (9th Cir. 2001), and we affirm.

The district court did not abuse its discretion by dismissing Krieg's action because Krieg failed to establish good cause for his failure to effect timely service of the summons and complaint on defendant. *See* Fed.R.Civ.P. 4(m) (requiring service within 120 days after the complaint is filed); *In re Sheehan,* 253 F.3d at 512–13 (explaining that courts may dismiss an action without prejudice for defective or untimely service, absent a showing of good cause, and discussing the requirements for a showing of good cause).

Moreover, dismissal of Krieg's action was proper because federal courts lack jurisdiction over de facto appeals from state court judgments. *See Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003) (setting forth standard of review); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161

---

**Harold Brian KRIEG, Plaintiff–Appellant,**

**v.**

**Richard Gregory CRAIN, Defendant–Appellee.**

**No. 12–17585.**

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2014.*

Filed March 18, 2014.

Harold Brian Krieg, Las Vegas, NV, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

L.Ed.2d 454 (2005) (the *Rooker–Feldman* doctrine bars "state-court losers complaining of injuries caused by state-court judgments" from seeking federal review of those judgments).

Krieg's contentions regarding his timely service in the prior state court action; defendant's alleged attempts to dodge service and failure to appear in the prior action; the district court's alleged improper motives for dismissing the underlying action; and the merits of his underlying claims are unpersuasive.

**AFFIRMED.**

**Paul A. MOSELEY, Plaintiff–Appellant,**

v.

**CITIMORTGAGE INC., Defendant–Appellee.**

No. 12–35090.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2014.*

Filed March 18, 2014.

Paul A. Moseley, Port Ludlow, WA, pro se.

Bradley Lloyd Fisher, Davis Wright Tremaine LLP, Seattle, WA, for Defendant–Appellee.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

MEMORANDUM **

Paul A. Moseley appeals pro se from the district court's summary judgment in his action challenging his mortgage obligations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Rene v. MGM Grand Hotel, Inc.,* 305 F.3d 1061, 1064 (9th Cir.2002) (en banc), and we affirm.

The district court properly granted summary judgment on Moseley's various federal and state law claims because Moseley failed to raise a genuine dispute of material fact as to whether the loan transaction at issue was fraudulent, void, or subject to rescission, and whether defendant violated any of its legal obligations regarding loan disclosures or loan servicing. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (party opposing summary judgment must come forward with significant probative evidence as to each element of the claim on which it bears the burden of proof); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 11, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (averments in a pleading are not sufficient to create a triable dispute of fact to defeat summary judgment).

The district court did not abuse its discretion by partially granting defendant's motion for attorney's fees because the Deed of Trust entitled it to attorney's fees

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.